JULIETTE NICOLE, Respondent, *v.* ESTHER SMALL, Appellant.

First Department, April 6, 1923.

Sales — action to recover balance for goods sold and delivered — accord and satisfaction — dispute existed as to overcharge — defendant testified that plaintiff agreed to accept amount paid in full settlement, in view of alleged overcharge — reversible error for court to charge that when said payment was made nothing was said about settlement.

In an action to recover the balance due on the sale of goods to the defendant, in which the defendant interposed the defense of accord and satisfaction, it was reversible error for the court to charge that at the time the defendant made the payment which she alleged was accepted in full, nothing was said about it constituting a settlement, since it appears from the evidence that the defendant testified that she objected to the bill presented on the ground that the plaintiff had overcharged her, and that the plaintiff to avoid any disruption of relations asked the defendant what she would pay and when told the amount she said that it was all right and that she would take that amount. From the testimony outlined and other evidence, it was within the province of the jury to draw an inference that the said sum was paid in full accord and satisfaction.

SMITH and MERRELL, JJ., dissent, with memorandum.

APPEAL by the defendant, Esther Small, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of October, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of October, 1922, denying defendant's motion for a new trial made upon the minutes.

*J. Douglas Wetmore,* for the appellant.

*Otto Gillig,* for the respondent.

FINCH, J.:

The goods sold and delivered consisted of dresses, hats, underwear and so forth, for which the plaintiff has recovered a judgment based on a balance due her of $3,661. The plaintiff claimed that she had rendered a bill for about $5,661, and that the defendant had paid $2,000 on account of it, and that the balance of $3,661, as above stated, was due. The defendant claimed that the $2,000

was paid and accepted in settlement of the claim, and was an accord and satisfaction thereof. There was a dispute between the parties upon this question, and it was for the jury to say which party they believed. The learned trial justice, however, doubtless inadvertently, instructed the jury upon this question in such a manner as to require a new trial.

There was evidence on the part of the defendant that the price of the goods was excessive. After properly charging the jury that an accord and satisfaction could only exist where a dispute had arisen between the parties, the court, continuing, said: " In this case, it is contended on the part of the defendant that when she paid this $2,000 in the month of April, there was nothing said * * *."

At the conclusion of the charge, Mr. Wetmore, the attorney for the defendant, appellant, said: " I want to respectfully call your Honor's attention to one part of the charge in which your memory and mine as to the testimony of this defendant is different. * * * Your Honor stated that the defendant had testified that in April, 1921, she paid $2,000. The Court: Yes. Mr. Wetmore: And that at that time there was nothing said about settling in full or words to that effect. The Court: Yes. Mr. Wetmore: Now I remember distinctly, or think I do, that the defendant testified that she went in there on April 12th, 1921, and told Nicole that she was not going to pay that amount of the bill that she had been overcharged, and Nicole said, ' I am going to Europe to purchase goods and what will you pay me? ' and she says, ' I will give you $2,000 to settle it.' The Court: There was no such testimony. Mr. Wetmore: That is my impression. The Court: No; the jury have paid attention to the testimony. Mr. Wetmore: Then I except to that part of your Honor's charge."

From the record it appears that the defendant had testified as follows: " I told Madame Nicole I would not pay that bill because I had been overcharged and she said that we would not fall out about anything like that, she did not want to fall out and not have me for a customer any more, and I told her I would not pay the bill because I knew she charged me too much, and [she] said, well, she was going to Europe in a little while, and she asked me what I would pay her, and I told her $2,000 and she said all right she would take that $2,000 and then she gave me the receipt; I didn't pay any attention to the receipt and I didn't hear any more about it."

From this testimony, together with the other evidence in the case, it would be within the province of the triers of the fact to draw an inference that the said sum was paid in full accord and

satisfaction. Plaintiff, moreover, had theretofore testified also that there was a conversation between herself and the defendant, but gave a different version of it from that given by the defendant. When the learned trial justice, however, charged that in order to have an accord and satisfaction, there must be a dispute and that the defendant had said nothing, the effect was to charge the defendant out of court.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

DOWLING and PAGE, JJ., concur; SMITH and MERRELL, JJ., dissent.

SMITH, J. (dissenting):

I dissent from the conclusion reached by the court on the ground that upon the whole evidence, in view of the defendant's obligation to show an accord and satisfaction by a preponderance of evidence, there was no question for the jury as to an accord and satisfaction of the claim in suit. The jury has found that the goods were worth the amount claimed in the complaint. The only attempted proof was that the value of those goods charged as of about $5,600, was only about $1,700, in addition to the $2,000 paid upon the bill. To prove an accord and satisfaction by a release of $3,200 of debt, with proof that the goods for which the debt was created, were worth substantially half that amount, requires clear evidence of the intention of both parties to make such cancellation.

The defendant had been paying her bills a part only at a single time, and it seems clear to me that the case is barren of evidence to show that the plaintiff, when she received the $2,000 upon the bill presented in April, 1921, intended otherwise than to accept such $2,000 as payment upon account and not as payment in full of the bill. The bill for the balance was repeatedly sent thereafter to the defendant without any intimation on the part of the defendant that she considered that the bill had been paid.

The plaintiff's claim was proven by competent and reliable testimony as to the value of the articles sold, and if the goods had been worth less than the amount charged, the jury would naturally have so found, in view of the high prices at which the goods were charged. The error claimed in the charge was, therefore, harmless.

I, therefore, vote for affirmance.

MERRELL, J., concurs.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.